UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHARLES DUNN

                             Plaintiff,                             **Case No. 1:18-cv-11802**

                         -against-

                                                           **COMPLAINT**

GODDARD RIVERSIDE COMMUNITY CENTER

                            Defendant.
------------------------------------------------------------------X

      Plaintiff Charles Dunn, by and through his attorneys, Berlingieri Law, PLLC, as and for his Complaint in this action against the Defendant Goddard Riverside Community Center, respectfully alleges as follows:

### NATURE OF CLAIMS

1. This is a civil action for damages and equitable relief based upon willful violations that the Defendant has committed of Plaintiff's rights and states causes of action for the following: (i) retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et. seq. ("Title VII"); (ii) retaliation under the Administrative Code of the City of New York 8-107 et seq. ("CHRL"); (iii) retaliation under Article 15 of the Executive law the New York State Human Rights Law ("NYSHRL") § 296, *et seq.*; (iv) the requirement that employers furnish employees with wage notices under NYLL § 195(1)(a); (v) supervisory liability under CHRL 8-107(13), and any and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

2. Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable city, state and federal law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343 and 42 U.S.C. §2000e-5(f)(3) because this action involves a federal question regarding the deprivation of Plaintiff's rights under Title VII.

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the Executive Law, NYCHRL and any and all state and local law pursuant to 28 U.S.C. §1367 (a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b). The acts and transactions complained of herein occurred in this District, Plaintiff resides and resided in this District during the course of his employment, and Defendant was and is located in this District.

6. An administrative proceeding, required pursuant to 42 U.S.C. § 2000e-5 as a prerequisite to commencing an action under Title VII, was instituted with the U.S. Equal Employment Opportunity Commission ("EEOC") upon the Plaintiff's filing of a charge of discrimination with the EEOC, Charge No. 520-2018-04120, on or about June 27, 2018, complaining of the acts of retaliation and wrongful termination alleged herein.

7. The EEOC issued a Notice of Right to Sue dated September 19, 2018. The Plaintiff has filed this instant action within ninety (90) days from his receipt of the Notice of Right to Sue, and as a result, the Plaintiff has fully complied with the administrative prerequisites of Title VII and all other applicable statutes. The Notice of Right to Sue is attached hereto as **Exhibit A**.

## THE PARTIES

8. At all times relevant to this Complaint, Plaintiff Charles Dunn ("Plaintiff" or "Mr. Dunn") was and still is an individual residing in the County of New York, State of New York.

9. Upon information and belief, at all times relevant to this Complaint, Defendant Goddard Riverside Community Center ("Defendant" or "Goddard") is and was a domestic not-for-profit corporation located at 593 Columbus Avenue, New York, New York 10025.

10. Upon information and belief, at all times relevant to this Complaint, Defendant has employed twenty (20) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year and meets the definition of an "employer" under Title VII and all applicable state and local statutes.

11. At all relevant times herein, Defendant was an "employer" within the meaning of the NYSHRL, CHRL and NYLL.

## STATEMENT OF FACTS

12. Plaintiff was employed by Defendant from December 2016 until his termination on June 6, 2018.

13. At all relevant times herein, Plaintiff was employed as a Homeless Outreach Specialist.

14. In or about May 2018, Plaintiff witnessed a co-worker, Jenny Adames ("Ms. Adames") being sexual harassed by Defendant's Director Sammy Speed ("Mr. Speed").

15. Ms. Adames also informed Plaintiff of other instances in which Mr. Speed sexually harassed her.

16. On or about May 11, 2018, Plaintiff and Ms. Adames complained to Defendant's Director Justin Holman ("Mr. Holman") regarding the sexual harassment caused by Mr. Speed.

17. Upon information and belief, Mr. Holman failed to take any corrective action or investigate the complaint.

18. On or about May 24, 2018, Plaintiff complained to Defendant's Human Resources Deputy Director Roberta Soloman ("Ms. Soloman") regarding the sexual harassment caused by Mr. Speed.

19. On or about May 29, 2018, Plaintiff had a meeting with Ms. Soloman and Ms. Adames. Ms. Soloman informed Plaintiff that an investigation would take place.

20. On or about June 4 – 5, 2018, Plaintiff's co-workers informed Plaintiff and Ms. Adames that Mr. Speed was telling employees that Plaintiff and Ms. Adames went to Human Resources fabricating lies that he was sexually harassing Ms. Adames.

21. On or about June 5, 2018, Plaintiff emailed Ms. Soloman's Director Lauren Taylor ("Ms. Taylor") regarding the sexual harassment caused by Mr. Speed and Mr. Speed's conduct.

22. On or about June 6, 2018, Defendant terminated Plaintiff.

23. Upon information and belief, on or about June 6, 2018, Defendant terminated Ms. Adames.

24. Plaintiff disputes Defendant's reason for his termination.

25. On or about June 27, 2018, Plaintiff filed an EEOC charge against Defendant based upon the aforementioned facts.

26. The EEOC issued a Notice of Right to Sue, dated September 19, 2018, for Plaintiff's EEOC complaint with causes of action under Title VII.

27. At the time of Plaintiffs hire, change in manner of pay or on an annual basis, Defendants failed to furnish Plaintiffs a wage notice in accordance with NYLL §195(1).

## THE FIRST CLAIM FOR RELIEF
*Retaliation in Violation of Title VII*

28. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29. Plaintiff engaged in protected activity when he complained to Defendant.

30. One (1) day after Plaintiff's most recent complaint, Defendant terminated Plaintiff's employment on June 6, 2018.

31. Defendant terminated Plaintiff's employment because of his complaints.

32. The adverse employment actions to which Plaintiff was subjected were the direct consequence and in retaliation for Plaintiff's opposition to sexual harassment.

33. The Defendant's actions violate Title VII.

34. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages that include, but are not limited to: substantial income including, but not limited to, wages and other benefits due to him, emotional distress, mental anguish, anxiety, stress, harm to his employability and earning capacity, painful embarrassment among his family, friends and co-workers, damage to his good reputation, disruption of his personal life and loss of enjoyment of the ordinary pleasures of everyday life.

35. Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

## THE SECOND CLAIM FOR RELIEF
*Retaliation in Violation of the New York City Human Rights Law CHRL § 8-107(1)*

36. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. Plaintiff engaged in protected activity when he complained to Defendant.

38. One (1) day after Plaintiff's most recent complaint, Defendant terminated Plaintiff's employment on June 6, 2018.

39. Defendant terminated Plaintiff's employment because of his complaints.

40. The adverse employment actions to which Plaintiff was subjected were the direct consequence and in retaliation for Plaintiff's opposition to sexual harassment.

41. The Defendant's actions violate the New York City Human Rights Law.

42. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages that include, but are not limited to: substantial income including, but not limited to, wages and other benefits due to him, emotional distress, mental anguish, anxiety, stress, harm to his employability and earning capacity, painful embarrassment among his family, friends and co-workers, damage to his good reputation, disruption of his personal life and loss of enjoyment of the ordinary pleasures of everyday life.

43. Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

### THIRD CLAIM FOR RELIEF AS TO DEFENDANTS
*Retaliation in Violation of NYSHRL § 296*

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. Plaintiff engaged in protected activity, by complaining about his rights under the NYSHRL.

46. Plaintiff suffered adverse employment action because Defendants terminated Plaintiff's employment.

47. Defendants' adverse employment action was temporally proximate to Plaintiff's complaint.

48. Plaintiff has suffered damages from extreme emotional distress as a result of the aforementioned violations.

49. Pursuant to NYSHRL § 297(1), Defendants are liable to Plaintiff for attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Wage Notices in Violation of NYLL 195(1)*

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. As described above, Defendants willfully failed to furnish Plaintiffs with a wage notice at the time of hire, on an annual basis or when Plaintiffs received a pay raise containing the criteria required under N.Y. Lab. Law § 195(1).

52. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs for statutory damages, liquidated damages, attorneys' fees, and cost

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Supervisory Liability under of CHRL § 8-107(13)*

53. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

54. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

    A. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
    B. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
        i. The employee or agent exercised managerial or supervisory responsibility; or
        ii. The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an

    employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   iii. The employer should have known of the employee's or agents' discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

55. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(A) A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned laws of the United States, New York State and New York City;

(B) Awarding Plaintiff all back pay sustained as a result of the Defendant's conduct;

(C) Awarding Plaintiff compensatory damages;

(D) Awarding Plaintiff punitive damages;

(E) Awarding Plaintiff consequential damages;

(F) Awarding Plaintiff any other statutory penalties as recoverable under the NYSHRL, CHRL and NYLL;

(G) Awarding Plaintiffs costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

(H) Pre-judgment and post-judgment interest, as provided by law; and

(I)     Granting Plaintiffs further relief as this Court finds necessary and proper.

Dated: New York, New York
       December 17, 2018

                                      Respectfully submitted,
                                      BERLINGIERI LAW, PLLC
                                      *Attorney for Plaintiff*
                                      244 Fifth Avenue, Suite F276
                                      New York, New York 10001
                                      Tel.:   (347) 766-1728
                                      Fax:   (914) 730-1044
                                      Email: Melissa@nyctlaw.com

                     By:   */s/ Melissa A. Rodriguez*
                                      MELISSA ALEXIS RODRIGUEZ (MR1420)

# **<u>EXHIBIT A</u>**

EEOC Form 161-A (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Charles Dunn<br>4 East 107th Street<br>9C<br>Manhattan, NY 10029 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2018-04120 | Roxanne Zygmund,<br>Investigator | (212) 336-3764 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Kevin J. Berry,
**District Director**

SEP 19 2018
*(Date Mailed)*

Enclosures(s)

cc:
Roberta Soloman, Human Resources Director
**GODDARD RIVERSIDE**
965 Columbus Avenue
Manhattan, NY 10025

11